Good morning, your honors. I'd like to reserve a minute for rebuttal. I believe that this case is controlled by Astoria Federal Savings and Loan Association, 501 U.S. 104, which makes the point that an administrative hearing, if not reviewed, is not is dealt with on a lenient standard, depending on, in terms of whether it's res judicata for the plaintiff. And Congress's intent has been relatively clear in this case, based on the extensive history and findings, including the court involvement, state court involvement in many of the disability cases, and, more strongly, their explicit waiver of the 11th Amendment, bringing the state actions into federal court review. I would say also that the federal court has a primary jurisdiction over the review of the case, and it is only if a plaintiff should decide that he prefers to be in state court that he should be forced to continue along the state procedural program. I ask if his probationary license is still. Yes, I made a second application several years later for a license and did receive a probationary license. That's still in effect. Yes, it is. Does that have an end date on it? Does that have a termination? That's a five-year term to be reviewed by the medical board. Next, I would mention that. I want to understand if you have a license, and so far you can practice under that license, what then is the specific complaint? The complaint is primarily for damages for the many years of practice lost from the time of the application, 95, or from the time of the decision, 98, to being able to practice in 2004. Although the license, I believe, was issued in 2001, I was not able to use it effectively until I got a psychiatric exam passed and passed the neuroclinical exam, which I did in 2004. So is it in the record as to why you didn't go through the appeals process in the California State Courts? Why you withdrew that? Well, I withdrew that without prejudice. I didn't feel that the state court would be able to give a review of the quality that I could get in federal court because basically the state court is going to have to deal with the substantial evidence rule on the whole record. And the administrative law judge did not make any findings with regard to the ADA claim, which was raised before him. But I believe the reason he didn't do that is because he felt he didn't have jurisdiction. And it seems to me that he is on solid ground when he says that he, when he feels that he, when he decides that he doesn't have jurisdiction because of California Constitution, Article 3, Section 3.5, which warns administrators, and administrative judges, not to override state statutes and to enforce state statutes unless a California appellate court has directed that they have jurisdiction to do that, to substitute the federal laws or regulations for the state court laws. And I think the evidence that the judges en masse, the administrative judges en masse have, have steered away from explicitly enforcing comprehensive federal civil rights statutes because there are no cases that we can see that where they have explicitly addressed the matters before them under the detailed directions of the civil rights statutes. For example, in the, and there was no, specifically we had evidence from the chief administrative law judge that he had no ADA cases decided. The analysis, that was another reason why not to go up to the state court, state court, because the findings, there were no Arlene findings on the record. And the, and the state court would have to, in essence, approve of the decision based on state law, which is governed by, which is really, really governed and given its primary flavor by business and professions code. 2229C, which, which states to the, for the benefit of the administrators that the preeminent consideration is the protection of the public. And if you look at the, the, the administrative law judge's decision in this case, it flows from that statute. So not only is the, the emphasis is there, there's no strong emphasis of what to do to protect the rights of the, of the disabled applicant. And although the constitutional section says it's, it's limited to prohibiting, refusing to enforce state statutes, such as that one, the subsequent case law that the administrative law judge referred to, in essence, is enforcing that statute. It's a leaning towards protection of the public. In reality, what happens is the, often the, the administrators are much too careful, push aside the disabled with much too little risk. For example, in this, in my particular case, the judge decided that there was no history of negligence. There was no acute illness, but he was concerned because I was only in therapy and well for three months. He ignored the fact that the, my psychiatrist said I was committed to remain in therapy for a lifetime and take medication for a lifetime. In addition, I had been on the medication and in therapy, which was not the situation when I became depressed in, just before the hearing in 97. And I also point out that I hadn't been depressed since 92. So it was a five-year period in terms of the frequency of the depression. And those were, and that recurrence happened without being on medication. There's another issue here that the statute would also cover review of pre-hearing actions by the board, which include asking for all medical records back to 1970 and post-hearing actions. And I had filed a petition for reconsideration, which also raised ADA. That was not, of course, heard by the judge and was not handled with any kind of significant due process protections. My understanding was it was reviewed briefly by the prosecuting attorney and rejected. I think we have your argument at hand. Do you want to save the rest of your time for a bottle? Sure. Okay. Thank you. You can sit over here, Mr. Hazen. May it please the court. I am Deputy Attorney General Nancy James on behalf of the Pelley's Medical Board of California and the California Department of Consumer Affairs. Can you make this up to date first? Is the probationary license in effect? Yes. Dr. Hazen moved to California and began practicing, I believe, in 2004 for a five-year term, and the completion date of probation is September 15th, 2009, as of now. So in terms of injunctive relief on the license, would that be moot at this point? Absolutely moot. Because he does have a license. He does have a license and he is practicing medicine. Now, as to the posture of this case, there are various pleadings and orders concerning the individual defendants. Who is left in the case? The only two defendants in the case are the Medical Board of California and the California Department of Consumer Affairs. Okay. You've read our order about Diaz. Yes. What is your response? The Diaz case, obviously, different facts, different causes of action, different claims. However, I understand that the basic issue there was whether res judicata was properly applied in that case. I think the question for us is what standard, a couple of, what happens at the Medical Board in terms of the standard of, I'm sorry, before an administrative hearing based on a decision of the Medical Board at that juncture? Who has the burden of proof and what evidentiary standard does the ALJ apply? In the case of an applicant for a license, which is different from once a licensing right is vested, but in the case of an applicant, the applicant has the burden of proving that he is qualified to practice medicine, that he meets the requirements set forth by the Medical Board, and that burden is a preponderance of the evidence standard. Okay. And I gather, unlike Diaz, the ALJ in this case is not, does not evaluate the evidence under a substantial evidence standard, but rather the preponderance of proof standard. Is that what you're saying? Correct. Because in Diaz, the reviewing court was reviewing another proceeding and determining whether or not substantial evidence supported that finding. In this case, the Medical Board simply denied the license, and then the next step was for the administrative court to conduct a full hearing. So it wasn't reviewing anything for substantial evidence. It was actually receiving and evaluating evidence. A de novo hearing at that point? Yes. What about Dr. Hessen's complaint that somehow his ADA claim or complaint slid off the table or didn't get addressed because of the nature of the hearing? Well, what's not in the record is what his attorney may have decided to do with the ADA or not to do with the ADA, but what is in the record is that it was brought up, I think, in closing arguments, and it was later brought up in a petition for reconsideration. But the bottom line is that it is his responsibility to raise the ADA as an affirmative defense, and if he did not do that, issue preclusion would nonetheless apply. So let me just, since we have to deal with the record we have, you're saying that he could have raised it in the medical proceeding? Absolutely. But based on the motion for reconsideration, it wasn't raised until that point? I believe it was not raised. I believe it may have been mentioned in closing argument. And then what did the medical board do when it was brought to them on reconsideration? The petition was denied without any opinion. What is the standard of review for a petition for reconsideration? You know, I don't think actually even a petition for reconsideration was appropriate at that point. The next step should have been a petition for writ of mandate to the superior court. Was there anything filed with the state court and withdrawn? Yes, Dr. Haston did file a petition for writ of mandate, which must be heard by the superior court. It was pending in the superior court, and at some point Dr. Haston felt he might be more advantaged by taking his case to the federal court under the ADA. And he prepared a stipulation for dismissal of the petition in the superior court, and that petition was granted. And the petition was denied, excuse me, dismissed, and that made his lawsuit finally adjudicated. The difficulty of this, and I understand this has had a long history, but on the issue of preclusion, what disturbs me a bit is this, and that is that in order to have any issue preclusion, whether it's a court or an administrative agency, there has to be an identity of issues and an identity of claims and so forth. I think it applies with even greater force on administrative agency determinations. So here, he bore the burden of proof as to that he was not a danger to the community and fit to practice before the agency. On the other hand, that issue probably was an affirmative defense on which the state would bear the burden of proof in an ADA claim. So if the standard of proof is different, if the burdens fall on different parties, it's difficult for me to see how that we should afford preclusive effect to the agency's decision, especially when it was not reviewed. If it had been reviewed de novo in the superior court, that might be a different issue. So that's my concern about this, because we have to write not only for this case, but a whole host of other cases. I'm not sure I followed with respect to the ADA claim, because I believe it would be plaintiff's burden in an ADA case to establish that he was a qualified individual with a disability, which would mean it was his burden to establish that he meets the essential eligibility requirements for the license, and one of those requirements, as established in the regulations, is the ability to safely practice medicine. So I'm not sure where you're coming from with respect to an affirmative defense in the ADA. Yes, I think that's quite true, but there are affirmative defenses that you would assert on which you might bear the burden of proof on that, and one of them is that, in fact, he is not qualified to practice. Now, there may be some dispute on who bears the burden on that, but at least some courts have gone the other way in terms of the allocation of burdens. But assuming for the sake of argument, we can sort that out later. I think I would grant you if the burden is the same, there's not a problem. If, in fact, the burdens shift, would you agree that there may be a problem in terms of issue preclusion? If they shift and there is a lower burden under the ADA, I would agree. However, I would like to point out that this is a case where Dr. Hasen had every opportunity to pursue his lawsuit, and he's not being precluded from an ADA action on the basis of anything other than his election to proceed in the administrative court on his licensing issue. And I think this can be illustrated by the fact that he does have a second lawsuit pending in the Southern District of California in connection with his probationary license. That's not an issue of res judicata or collateral estoppel because there was nothing litigated in the administrative proceedings. So what's the issue in that? I'm sorry? What's the issue in that case, if you can tell us? In that case, he was required pursuant to the stipulation for a license to take a competency exam because it had been a while since he was in school and had practiced medicine. He failed the exam, and he then sued the doctors who administered the exam and the medical board. The disturbing thing, again, speaking globally, is now that you've granted the license and found him qualified to practice medicine, it does raise some questions about whether or not we ought to afford preclusive effect to the determination. In fact, he's not qualified. Well, the initial evaluation was done over a period of actually a couple of years, beginning with his 1995 evaluation. At that time, he was receiving or actually may not have been receiving psychiatric treatment, but at the time the administrative proceedings were going on, he was receiving psychiatric treatment. And this case really can only be decided based upon whether or not he was qualified to practice medicine and to receive a license, whether he was safe to practice medicine at the time he applied or at the time it was decided. Several years down the road, he had been getting treatment. He had been taking medication. He stipulated and the board stipulated that he could be evaluated by a psychiatrist at that time. So you're saying that if there is preclusion, it's narrowly limited to that time frame? I have to think about that, but yes. It would have to be, wouldn't it? Sure. I mean, he's not precluded forever from any further claims. And by the same token, I know the court wouldn't want the medical board to say, well, you were mentally ill in 1995, so we're not going to reconsider your application in 2000. So two things occur to me. This is kind of a procedurally difficult case. Yes. Number one, what is the effect of his voluntary withdrawal of his state mandamus action? How does that affect this case? And then secondly, if the preclusion is limited to that time frame when he applied, does he still have some case under his current federal, I mean, are there still some live issues under his current federal court case that wouldn't be precluded by that initial finding of non-qualification? And when you say current case, you're talking about the one in the southern district? This one that's on appeal. This one here. Okay. This one, because we're not, we don't know about the other one except that it exists. Just clarifying. This district court case. Okay. Thank you. As to the first question, the effect of withdrawing mandamus is claim preclusion, and that was also addressed in the Diaz v. Ilique case. And to address Your Honor's concern about even if there were a different standard for issue preclusion, he's nonetheless precluded from bringing this claim in federal court. Actually, Diaz v. Ilique alludes to that and refers to the Moore's federal practice and procedure for the proposition that, regardless of the standard of proof with respect to issue preclusion, claim preclusion has no connection with the standard in another proceeding. And essentially, I look at it this way, I certainly understand the court's concern that, you know, we don't want to cut somebody off from asserting their rights under the ADA and from, you know, access to the federal courts. But the bottom line is that Dr. Hasen elected to ask for an administrative review. He then elected to ask for a superior court review, which would have been a de novo review. And he then decided he didn't like that forum and he wanted to try another one. And that's exactly what the claim preclusion cases prohibit. Thank you. That is if you can assert the claim. Yes. I mean, the difficulty with that, I mean, I think we want as a matter of judicial administration, economy, to allow people to pursue their administrative remedies. I mean, we ought to encourage that. But if you're also saying that if you do that, you're going to lose any federal remedies on claim preclusion, including an ADA claim. I mean, that's a fairly harsh rule. And my question is, I mean, could the agency have the board take an action under the ADA? I mean, you're governed by certain statutes. You can't say, well, I know that under our regulations we can't grant the license, but we ought to consider this ADA claim. Do you believe the board can do that? No, and the ADA isn't inconsistent with the goals of the board. The ADA says in order to get a license to practice medicine, you must show that you're safe to practice medicine. And that's exactly what the board asks. I don't think anybody wants someone who isn't safe to practice medicine to be given a license to do that. As the ADA defense, does that play out in terms of accommodation and licenses with restrictions and things like that? There was an issue that could have been looked at in light of accommodation in this case. Essentially, the board's psychiatrist said he wasn't fit to practice medicine. He put on evidence from his own psychiatrist who said he would be fit to practice medicine if he were closely monitored and there were a two-step process, et cetera, et cetera. And the board psychiatrist said even with close monitoring, he isn't safe to practice medicine at this point. And that's what the administrative law judge decided, that the evidence convinced him that Dr. Haysa would not be safe to practice medicine at that point. But even his decision made room for the fact that we see that he is getting treatment, we see that he is making progress, and we envision a day when he would be safe to practice medicine and he can reapply at that time. I take it that mediation is probably not an option in this case? That's correct. All right. I briefly want to address Judge McKeon's second question, that if the preclusion is limited to the time he applied in this case, are there any live issues under this case? And there aren't, because if he was not qualified, if it's not safe to practice medicine, didn't meet the essential eligibility requirements of the licensing process at the time, then he hasn't established that he was a qualified individual with a disability, and therefore he's not entitled to damages. It's kind of interesting because I guess it would be only professionals primarily that would find themselves having to go to an administrative licensing first. I mean, most people who might have a disability that don't have a professional license, they just go to federal court and argue over their qualifications, but I guess it would be people like lawyers, doctors, and others that find themselves have to go first to get the license, correct? Yes, and that is a somewhat unique aspect of this, which makes me advocate all the more for appropriate issue preclusion and claim preclusion, because we don't want to see a proliferation of litigation in that regard. But that's exactly what you're going to cause. If we adopt a rule of claim and issue preclusion, then a lawyer is going to advocate that his client go directly to court before pursuing administrative remedies, because those administrative remedies aren't going to be successful. I mean, the administrative body is not going to necessarily analyze the issues the same way that a court would under the ADA. I know you feel differently about that, but if I were a lawyer advising, and you're saying you must choose between an administrative review and a review in court, I think I would recommend going to court. I'm just telling you what I would have done as a lawyer, and that's exactly what you don't want to have happen in terms of medical and legal and professional licensing, it would seem. You want them to pursue administrative remedies to present the evidence and not encourage them to run to the courthouse. It's expensive to defend these suits, as you know. And if you can resolve it administratively one way or the other, so much the better. I'm just expressing some philosophy. The other side of that is that a court may well say that this belongs first in the administrative agency, and so if you can't come to court, you have to go to the administrative agency. Under the doctrine of primary jurisdiction, they send it to the agency first. Go back to the agency to begin with. Yeah. So all of this, I'm using it aloud only to say that this is a more complicated issue, and we have to proceed sort of carefully on it, which obviously presents complications for the instant case. Tell me, you moved for summary judgment on the issue, on the preclusion. Did you move on any other grounds? We did move on the grounds that I believe that no discrimination occurred. I'm stretching in my memory now. It would be in the record in any event? Yes. And the district court did not rule on those bases? Correct. What else do you want to chat with me about? I don't know if we need to address the issue of the individual defendants or not. It was decided by this court. The posture is they're out of the case. Okay. I think that we're set. I don't think you need to argue that point. Then I'd just like to state my position that I do believe that claim preclusion applies. I believe it's the same standard of proof in the administrative hearing as it would be in an ADA case, but in any event, if there's any doubt on that issue, claim preclusion must apply because he's essentially claiming the primary right to a medical license in the administrative hearing and he's claiming the same primary right in federal court and he's not permitted to do that. Thank you very much.  Your Honor, first I'd like to say that reviewing a federal court would be completely consistent with what's done in all of the other comprehensive civil rights statutes. The Congress wants this type of case to be reviewed first by an administrative body. The EEOC does a lot of the work under many of the statutes. It wants the state to have the first bite to come to a final conclusion, not to be the procedure should be shortened and the plaintiff to run off to court before the state has had its fullest chance to make a good decision. Tell me about your practice now. What are you doing? I'm doing a general adult medicine. I lost the scheme of being able to do neurology partly because of the licensing disaster that occurred. Did you practice with a group or yourself? Solo practice. I'm supervising another physician as well. And what are the terms of your probationary license? The main terms, Your Honor, are not to supervise a PA and to remain in therapy and take medication if it's the advice of the psychiatrist. And I see the psychiatrist about once every two weeks. And I've taken medication for seven years continuously. And I haven't had a depression. And the literature shows that the taking of the medication was a good idea. And when you're not depressed, after having two or three depressions is a good idea. And I'm completely in agreement to have no problem with that. So I take it that your remaining complaint is that you want damages for that period, that limbo period when you didn't have a probationary license and when the license was denied. Yeah. Depending on when you start the clock running, it could be anywhere from six to nine years that I was put on the sidelines. Because things do take a while to get all the paperwork and so forth together. That was actually an interesting point in the case was that the hearing was in September, October, when Dr. Meek, the board's expert, testified. His main point was not that I couldn't practice safely, but that he was uncertain that three months in therapy and doing well was sufficient. And he would have liked to have seen six months. Subsequently, I deposed him and he said if the board had asked him, he would have said to review the situation at six months and see how he's doing. And then I would point out the ALJ didn't file his decision until six months after I had been in therapy and the final order was ten months after I had been in therapy. And a month prior to the final order is when I had filed a petition for reconsideration, which gave them an update. You understand the problem we face in a sense, too. We've talked with opposing counsel about the desirability of pursuing administrative remedies without having to look over your shoulder as to depriving someone of federal remedies. But on the other hand, we don't want to sit as a licensing board. And we don't have the expertise. We shouldn't have the expertise. And courts are reluctant to second-guess administrative agencies on their primary responsibility. So that's the dilemma we face here. That's why the ADA was enacted, because it's a difficult situation for the medical board. They're trying to be very careful, and in this particular case, the judge was overly careful. It just so happened that the psychiatrist was a little bit wild in his accusations and his opinions. And that made it more difficult for the judge. The bottom line is that I'm entitled to review in one court or another. And according to the fact of filing the writ, I think is immaterial because the writ of mandamus, because I just filed it, and by stipulation it was withdrawn. When you say one court or another, I guess one court would be federal court. What would be the other court? I could take it to state court. They would not have a plenary action. They would have to try to put the pieces of the puzzle together on the ADA issue, which would be in the petition. They would try to see if, sort of align the pieces of the puzzle as to whether, even though the ALJ did not address the ADA issue, whether the standards were sufficiently similar, and whether he had decided the issues under our lien, and one of the most important things that was not specifically decided in the decision was the issue of accommodation. The judge did not say specifically that monitoring or probation would be inadequate. He did not address the fact that he could have been a restricted license. You raised that in the hearing? Well, we asked for a probationary license many times. So that's a form of accommodation? Yeah. So, Doctor, tell me about your state lawsuit. What are you alleging there? State lawsuit? It's really a minor one. What happened was I agreed to take an oral clinical exam, and the way it was administered was very subjective in terms of the grading. The statute that the exam should be uniform, in my opinion, was not followed in that the three doctors just kind of made it up. The board rule that all the questions should be written out and shared in advance was not followed. It was one initial question, and then they just went around asking questions for 20 minutes, and they went wherever they wanted, and the grades were erratically different. I had a 60 from one grader and a 70 from another, 70 being passing, which indicated to me further there was a problem with the exam. There were other problems, like the grade was changed. One grade was changed from 69 to 68. An appeal was suppressed. It's not really of the gravity of, I don't think, of this case. It was really something where I was looking to force them to give me a proper exam, and ultimately they did. In the third swing, they gave me an exam that was much more formatted, with all the questions sort of known ahead of time and having precise answers. Well, Doctor, let me make a comment that has nothing to do with the merits of the case, and that is that your primary occupation as a physician, that's what you wanted to do, and this has gone on a long time. I was on the first panel of this case. We heard it right around the corner in courtroom three. It may be time to sit down and try to resolve this. You're going to have to live with the board a long time. You had a probationary license, and you can spend a lot of time litigating these matters, and you have a right to be angry about your treatment. You are angry. I can see that. But it's probably time to resolve that, and to resolve that, you may have to hire a lawyer because that's the best way to do things, to engage in mediation. Well, I agree with you, Your Honor. I mean, I've already opened and closed a practice. I'm opening a second practice. I'm way beyond this. This is many years ago. However, as a matter of principle, this should, when I say- Well, as Adlai Stevenson said, sometimes there's always a time to rise above principle. Well, I may find when this court goes to the district court that I may not want to pursue it, but I don't feel the judge dealt fairly with the decision. All I'm saying is everybody comes into our court. Obviously, it's an adversary system, but sometimes we see up here the cases that perhaps should be resolved and need to be resolved other than by a final decision of the court. So I commend that to you for your thought, and if you do that, I would encourage you to get a separate lawyer to negotiate just for the purpose of settlement because I think that might be a worthwhile endeavor. My comments do not mean we've decided this case one way or the other. We're going to decide it on the facts of the law, but this has been a long time, and you need to put it to rest and the board needs to put it to rest. I agree, Your Honor, but I would think twice about whether I really wanted to pursue damages at this time, but I think it should be legally an open issue for my decision. I think it would be a difficult case at the trial level. What do you mean by that? Well, they're going to bring in the other expert and say this is what I thought, this is what I saw. It's going to replay the administrative hearing after nine years or however many. I think you've made your point, Doctor, in terms of you've gotten your probationary license, and hopefully you have a successful career ahead of you, so I think about looking at whether or not you want to try to put this to rest and do it with honor on both sides, just a suggestion. Thank you, Your Honor. I think we understand your arguments. Any further questions from the panel?
judges: Thomas, McKeown, King